## Commonwealth v. Brewer

*Scanlan & Harkins*, for defendant.

McKENRICK, J., May 14, 1932.—The defendant was charged with the violation of the motor vehicle laws of this Commonwealth in that he operated his. motor vehicle in a reckless manner on a public highway in the Borough of East Conemaugh, County of Cambria and State of Pennsylvania. The prosecution was brought before Michael J. Sewak, a justice of the peace in the Borough of Franklin, Cambria County, and, after hearing, the defendant was summarily convicted and sentenced to pay a fine of $25. A certiorari was taken to this court and we have before us the regularity of the magistrate's proceedings.

The first exception sets forth that it does not appear affirmatively on the record that the information was made before the nearest available magistrate, or before a magistrate within the borough wherein the offense is alleged to have been committed. Section 1201 (a) of The Vehicle Code of 1929, as amended by the Act of June 22, 1931, P. L. 751, 808, provides as follows: "Informations, charging violations of any of the summary provisions of this act, shall be brought before the magistrate nearest to the point where the alleged violation occurred, or a magistrate within the city, borough, incorporated town, or township where the alleged violation occurred." Ordinarily, a justice of the peace has jurisdiction to hear offenses committed anywhere in the county in which the justice of the peace has his office. The legislature, however, for reasons which are well known, has provided that in cases involving a violation of The Vehicle Code the jurisdiction of a justice of the peace is restricted. The act provides that the magistrate who is nearest to the point where the alleged violation occurred, or one who is within the borough in which the violation occurred, shall have exclusive jurisdiction of the offense. In order to give the magistrate jurisdiction to determine summarily an offense such as the defendant here is charged with, it must appear affirmatively from the record of the magistrate that he is either the magistrate nearest to the point where the alleged violation occurred, or that he is a magistrate within the municipal division where the violation occurred. A magistrate who lives in another municipal division from that in which the violation occurred has no jurisdiction to hear a case such as the present one unless he is in fact the magistrate nearest the point where the violation occurred, and the record should show it. In order, therefore, to acquire jurisdiction, he must bring himself within the class of magistrates provided for in this act.

It does not appear from the record that Justice Sewak was the magistrate nearest to the point where the alleged violation occurred, and it is certain that he was not a magistrate within the Borough of East Conemaugh. While it might seem extremely technical to insist that the record of the magistrate show his jurisdiction where a violation has actually occurred, the law clearly requires it. The act of assembly was designed to break up a practice which had grown to flourishing proportions, namely, that of haling violators of the automobile law before certain justices of the peace who enjoyed a monopoly of the business

derived from such violations when there were in fact justices of the peace in the immediate vicinity of the place where the violation occurred. It is not necessary for us to consider the other exceptions because the defect which we have referred to is fatal to the proceeding.

And now, May 14, 1932, after due consideration, judgment and conviction of the justice of the peace are set aside and reversed, and, if the fine has been paid, the same is directed to be refunded to the defendant.

From Henry W. Storey, Jr., Johnstown, Pa.